Filed 7/7/26  P. v. Smith CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B344601 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA139840) |
| v. | |
| ROBERT LATRELL SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Dismissed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Robert Latrell Smith (defendant) appeals from a postconviction order denying his request for resentencing pursuant to Penal Code[1] section 1172.1. For the first time in his notice of appeal, defendant contends he is also seeking resentencing pursuant to section 1172.75. We conclude the order at issue is not an appealable order and dismiss the appeal.

In 2016, defendant was charged by information with one count of attempted willful, deliberate, and premeditated murder (§§ 187, 664; count 1); shooting at an occupied motor vehicle (§ 246; counts 2 & 3); and being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4). As to count 1, it was alleged that a principal personally and intentionally discharged and personally used a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (e)(1). As to counts 1, 2, and 3, it was further alleged the offenses were committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C) and (4). As to all counts, it was alleged defendant suffered a prior strike within the meaning of the "Three Strikes" law (§§ 667, subd. (d), 1170.12, subd. (b)) and a prior serious felony conviction as provided for in section 667, subdivision (a)(1).

In 2017, defendant pleaded no contest to count 1. As a result of the plea, the court struck the premeditation allegation, and defendant admitted the gang allegation. Defendant also admitted to having served a prior prison term within the meaning of section 667.5, subdivision (b), which was added to the

---

[1]     All further undesignated statutory references are to the Penal Code.

2

information by interlineation.  Defendant was sentenced to an aggregate term of 16 years comprised of the low term[2] of five years in count 1, plus 10 years for the gang enhancement, plus one year for the prior prison term enhancement pursuant to section 667.5, subdivision (b).

In July 2024, defendant filed a request for recall of sentence pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600) and section 1172.1  Defendant stated his belief he was eligible for resentencing based on changes to the law since his initial sentencing and specifically pointed to the changes in gang enhancements since the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill No. 333).  Nowhere in his request did he discuss section 1172.75 or his prior prison term enhancement pursuant to section 667.5, subdivision (b).[3]

---

[2]    We note five years is the low term for attempted murder. (See § 664, subd. (a).)  Here, the court's oral pronouncement indicated its belief that five years is the middle term, while the court's minute order reflects its understanding that five years is the low term.  The June 19, 2017 abstract of judgment reflects five years in count 1 is the high term.

[3]    We note, defendant also stated, "Also under the contest [*sic*] of California … Assembly Bill No. 600 [which] amended Sections 1172.1, 1172.5 of the Penal Code."  Section 1172.5 does not exist.

In his reply brief, appellate counsel contends "[f]rom context of the application, it can be reasonably inferred that [defendant] meant to cite section 1172.75."  We disagree. Nothing in the context of what defendant presented in his request dealt with section 1172.75 or his one-year prison prior

While defendant's request was pending, two hearings took place in the trial court. During a hearing on September 10, 2024, defense counsel said he was representing defendant "on the 483."[4] In a hearing held on January 15, 2025, the trial court indicated defendant had "two different motions. One is an [Assembly Bill No.] 600 [section] 1172.1. The other is a resentencing motion pursuant to 1172.7(a)."[5] The court's minute orders issued during these hearings are listed as proceedings taking place pursuant to sections "1172.7(a)/1172.75(a)."

On February 5, 2025, the court issued an order summarily denying defendant's request for recall of his sentence and also found, because defendant's case is final, defendant was not entitled to relief under Assembly Bill No. 333.

Defendant filed a timely notice of appeal. In it, along with his original contentions regarding Assembly Bill No. 333, defendant also argued the "court erred by failing to conduct a full resentencing hearing to consider … his sentence is unauthorized because it contains [a] one-year enhancement under [section]

---

enhancement. Moreover, even if we accepted counsel's assertion, Assembly Bill No. 600 did not amend section 1172.75.

[4] Senate Bill No. 483 (2021–2022 Reg. Sess.) is the original bill passed by the Legislature that formally enacted now-sections 1172.7 and 1172.75. We understand this to mean counsel was representing him for purposes of a pending section 1172.7/1172.75 petition.

[5] Section 1172.7 is the sister provision of section 1172.75. Section 1172.7, subdivision (a), with some exceptions, invalidated sentencing enhancements imposed pursuant to Health and Safety Code section 11370.2.

4

667.5[,] subd[ivision] (b)" and alleged his eligibility for relief under section 1172.75.

On appeal, defendant contends he is entitled to relief pursuant to section 1172.75 and, as such, full resentencing and consideration of the effects of Assembly Bill No. 333 on his case. Defendant also contends the abstract of judgment incorrectly lists his five-year term on count 1 as the *high* term and asks this court to order a corrected abstract of judgment be issued.

Respondent contends this court is without jurisdiction because the court's order on defendant's section 1172.1 resentencing request is not appealable and, as such, defendant's appeal should be dismissed. We agree.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1172.1, subdivision (a) provides that the trial court may, "on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law … recall the sentence and commitment previously ordered and resentence the defendant …."

Section 1172.1, subdivision (c) expressly states, however, "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." Thus, "'a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.'" (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.) Section 1172.1 does not address whether a trial court's dismissal of a defendant's request for recall and

resentencing under the statute is appealable.  But several courts, including this court, have interpreted the second sentence in section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at stake when they request recall and resentencing.  (*People v. Hodge, supra*, at p. 996; see *People v. Brinson* (2025) 112 Cal.App.5th 1040; *People v. Roy, supra*, at pp. 998–999; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)

Conversely, courts have found where the court undertakes to make a resentencing decision on the merits after a defendant has filed a petition pursuant to section 1172.1, defendant is entitled to an appeal.  (*People v. Craig* (2026) 117 Cal.App.5th 1165; *People v. Olea* (2025) 115 Cal.App.5th 889.)  In *Craig* and *Olea*, the trial courts reviewed the parties' brief, considered various documents including postconviction factors, and, after hearing argument by the parties, the courts denied resentencing. In these cases, the Courts of Appeal found "'[c]onsidering the entirety of the actions taken by the trial court following [the defendant's] initial petition—in conjunction with merit-based statements made at the contested final hearing, the trial court effectively evaluated and denied [the defendant's] petition on the merits, thus affecting [the defendant's] substantial rights. [Citation.]  Therefore, we conclude that the trial court's decision is appealable." (*Craig, supra*, at pp. 1172–1173, quoting *Olea, supra*, 115 Cal.App.5th at p. 902.)

Here, the court did not undertake the merits of defendant's pro se section 1172.1 resentencing request.  As such, his substantial rights were not affected.  Accordingly, the trial court's order was not appealable under section 1237, subdivision (b), and the appeal must be dismissed.  Because this court is without

jurisdiction, we may not order the abstract of judgment be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court with "properly assumed jurisdiction" may correct abstracts of judgment].)

To the extent defendant argues he is entitled to section 1172.75 relief, for the foregoing reasons we cannot reach the merits of his contention. This result is further compelled where based on the record before us, it appears defendant, represented by counsel, may currently have a section 1172.75 matter pending in the trial court.

## DISPOSITION

The appeal is dismissed.

CHAVEZ, J.

We concur:

LUI, P. J.

RICHARDSON, J.

7